UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAQUAN L. ARMOUR
  Plaintiff

No. 3:23-CV-1606 (MPS)

V.

GOVERNOR LAMONT,
  Defendant                    2/13/24

## Motion to Reconsider

The Plaintiff, Shaquan L. Armour ask the court to Reconsider that his right's under the fourteenth Amendment Due process and his right to be free from cruel and unusual punishment under the Eight Amendant due to a failure to provide him with a parole hearing after he served sixty percent of his sentence. To the following:

**1.** The court misread and misunderstood what the Plaintiff and Public Act 23-169 (Senate Bill 952) Amended the Connecticut Statute concerning inmate parole eligibility, Section 53a-125a, by, inter alia, adding Section 54-125a(g).

**2.** The court in their INITIAL REVIEW ORDER By: United States District Judge, Michael P. Shea on page 4 of his ORDER said; "But the Connecticut parole statute does not create a protected liberty interest in parole eligibility for non-Juvenile inmates such as Plaintiff (who was not under 18 at the time he committed

1 of 5

his offense)."

3. So when the court said the Plaintiff does not have a protected liberty interest in parole eligibility when the LAW is now that you have to be under the age of 21 and such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater.

4. The Plaintiff is saying that he has a liberty interest in the Supreme courts ruling and when bill 952 was enacted in connecticut, It created a State created liberty intrest for the Plaintiff having a parole hearing in 4 yrs. Instead of a parole hearing in 11 yrs.

5. If the Plaintiff fourteenth Amendment equal protection is in violation and is not giving a parole hearing after serving sixty per cent of his time. How is the Plaintiff Eight Amendment is not being violated, when the Plaintiff is being denied his equal Protecting due to the New language added to the bill. In which goes agaist the supreme courts ruling & the spirit of the science thats been relied upon by the courts.

6. The legistatures and the defendant, GOVERNOR LAMONT in it's violation of the plaintiff 8th Amendment rights to cruel & unusual Punishment by having him see parole in eleven (11) years as opposed to the 4 yrs in which said bill was designed for.

7. In violating the plaintiff's liberty interest the due process clause of the 14th Amendment is also violated.

8. By depriving the Plaintiff of his protected liberty interst, & The State created liberty interest to a parole hearing after sixty (60) per cent of his sentence as other's have enjoyed due to the supreme courts ruling & the enactment of Connecticuts version of said ruling has violated plaintiff's right to equal protection & have created a subgroup of individuals such as the Plaintiff himself.

9. When connecticut enacted bill 952 it created a state liberty interest for the Plaintiff having a parole hearing in 4 yrs instead of going to a parole hearing in 11 yrs.

10. The Defendant, GOVERNOR LAMONT, acting within the scope of his employment & continue to deprive the Plaintiff of his right to due process. Defendants actions and omissions violate plaintiff right to due process, as guaranteed by the Due process clause of the 14th Amendment to the united States Constitution.

11. By their policies and practice described herein, defendant have deprived and intend to contiue to indefinitely to deprive the plaintiff of his right to be free from cruel and unusual Punishment
A) Disproportionate, Arbitrary and Capricious Punishment

This bill is also arbitrary and Capricious in light of the fact that numerous individuals that were under the age of 21 were given a parole hearing.

### Relief Requested

12. WHEREFORE, Plaintiff requests that this court grant the following relief.

13. The Court allow the Plaintiff to proceed on his claims of Fourteenth Amendment Due process Clause and Eighth Amendment and overturn their Dismissed.

Respectfully submitted

Shaquan L. Armour

50 Nunnawauk Road
Newtown, Ct 06470

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true Except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true & correct.

Executed at Garner correctional Institution
50 Nunnawauk Road
Newtown, Ct 06470
on the 11 day of February of 2024

By, Shaquan L. Armour
#379048