UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAQUAN L. ARMOUR | : | CIVIL NO. 3:23-CV-01606 (MPS) |
| V. | : | |
| GOVERNOR LAMONT | : | FEBRUARY 26, 2024 |

**MOTION FOR EXTENSION OF TIME FOR GOVERNOR LAMONT TO FILE RESPONSE TO COMPLAINT**

Pursuant to Local Rule 7(b), Governor Lamont, by and through his attorneys, respectfully requests that the deadline for him to file a response to the plaintiff's complaint be extended to sixty (60) days after the Court's ruling on the plaintiff's February 14, 2024 "Motion for Reconsideration," (ECF No. 13), which seeks reconsideration of the dismissal of certain claims in the Court's Initial Review Order. As detailed below, good cause exists for this extension. In support of this motion, the following representations are offered:

1. On February 2, 2024, the Court (*Shea*, *J.*) issued an Initial Review Order ("IRO") of the plaintiff's complaint, whereby the Court dismissed the plaintiff's Fourteenth Amendment due process claim, his Eighth Amendment claim, as well as his claims for damages and declarative relief. (ECF No. 10, p. 3-10). The Court, however, did permit the plaintiff to proceed on his Fourteenth Amendment Equal Protection Clause claim against Governor Lamont in his official capacity for injunctive relief. (*Id.* at 6-8).
2. As part of the IRO, the Court ordered that Governor Lamont "shall file a response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of the notice of lawsuit and waiver of service of summons forms are mailed to them." (ECF No. 10, p. 9) (emphasis in original).

3. On February 14, 2024, a summons was served on Governor Lamont in his official capacity at the Connecticut Office of the Attorney General. (ECF No. 14). The summons indicated that Governor Lamont must file a response to the plaintiff's complaint within 21 days. (*Id.*).

4. Thus, it is not entirely clear whether Governor Lamont's response is due within 60 days of service as set forth in the Court's IRO, or within 21 days of service as set forth in the summons served. Seeking clarity on when Governor Lamont's responsive pleading is due provides a basis for seeking the instant extension.

5. Moreover, the instant request is further necessitated by the plaintiff's recently filed "Motion for Reconsideration," (ECF No. 13), as well as the undersigned counsels' schedule and obligations over the next several weeks.

6. In particular, on February 14, 2024, the plaintiff filed a "Motion for Reconsideration," which seeks reconsideration of the Court's dismissal of certain claims in the IRO. (ECF No. 13). To date, the Court has yet to rule on this motion. If the Court were to grant this motion, even in part, and reinstate any of the previously dismissed claims, it would impact the nature and substance of Governor Lamont's responsive pleading.

7. As a result, Governor Lamont seeks the instant extension so that his responsive pleading can be directed at any and all claims remaining in the suit. Such an extension would permit Governor Lamont the same time originally contemplated in the Court's IRO (60 days) to respond to the claims in this case.

8. The instant request is also necessitated by the schedule and obligations of the undersigned counsel over the coming weeks, which will prevent them from devoting the necessary time to review the claims and allegations in the case, conduct any

necessary legal research, and draft an appropriate responsive pleading, which is currently anticipated to be a motion to dismiss.

9. Specifically, AAG Rowley is in the middle of drafting a substantial appellate brief in the matter of *Goode v. Cooke*, No. 23-7521, which is pending before the Second Circuit. The brief in the *Goode* matter is currently due by March 15, 2024, and drafting of this brief has and will continue to occupy much of the AAG Rowley's time over the next few weeks.

10. AAG Yale is currently scheduled to begin a jury trial in the matter of *Ian Wright v. Snyder*, Docket No. 3:21-CV-104 (SVN) on February 27, 2024, and the trial is anticipated to continue through March 1, 2024. Preparing for and conducting this jury trial has and will continue to occupy much of AAG Yale's time.

11. In sum, given the uncertainty of the specific responsive pleading deadline in this case, the plaintiff's pending "Motion for Reconsideration" which may impact the claims in the case, as well as the schedules and obligations on the undersigned counsel in other matters, there is good cause to grant this motion.

12. On February 23, 2024, the undersigned set up a legal call with the *pro se* incarcerated plaintiff, Mr. Armour, to ascertain his position on the instant request. Mr. Armour indicated that he does not consent to the instant request.

13. This is the first requested extension of the deadline for Governor Lamont to file a response to the plaintiff's complaint, and no further extensions are anticipated.

**WHEREFORE**, Governor Lamont submits that there is good cause, as set forth above, to extend the deadline for him to file a response to the plaintiff's complaint to sixty

(60) days following the Court's ruling on the plaintiff's pending "Motion for Reconsideration." (ECF No. 13).

DEFENDANT,
GOVERNOR LAMONT

WILLIAM TONG
ATTORNEY GENERAL

BY: /s/

Edward D. Rowley (#ct30701)
David C. Yale (#ct26912)
Assistant Attorneys General
165 Capital Avenue
Hartford, CT 06106
Tel: (860) 808-5450
Fax: (860) 808-5591
E-Mail: Edward.Rowley@ct.gov
David.Yale@ct.gov

**CERTIFICATION**

I hereby certify that on the date first above, a copy of the foregoing was filed electronically. Notice of this filing was sent via U.S. Mail, First Class to the address below and will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Shaquan L. Armour #379048
Garner Correctional Institution
50 Nunnawauk Road
PO Box 5500
Newtown, CT 06470

/s/

Edward D. Rowley
Assistant Attorney General