6/17/24 ; RK  16 pages
date  initials  No.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Prose Prisoner civil Rights complaint

Shaquan L. Armour : Civil No. 3:23-CV-01606 (MPS)

V.           :

Governor        : 6/17/2024
Ned Lamont

Amended complaint
Complaint with Jury Demand
(Introduction)
(1)

1. This is a civil rights action filed by Shaquan L. Armour a state prisoner, for damages & injunctive relief under 42 U.S.C. §§ 1983 alleging Equal protection, Due process and cruel and unusual punishment in violation of the 14th Amendment to the united states constitution and in violation of the 8th Amendment.

Jurisdiction
(2)

2. The court has Jurisdiction over the plaintiffs claim of violation of federal constitutional rights under 42 U.S.C. §§ 1331 (1) and 1343

3. The court has supplemental Jurisdiction over the plaintiffs state law under 28 U.S.C. §1367 connecticut constitution Article 1 sec 20.

(1)

4. Jurisdiction of the court is invoked pursuant to 28 U.S.C. 1343 (a) (3) in that this action seeks to redress the deprivation, under color of state law, of rights of persons within the Jurisdiction of the United States.

## Parties
(3)

5. Plaintiff Shaquan L. Armour at all times relevant was confined by the Connecticut Dept of Corrections.
6. Defendant, Governor, Ned Lamont official capacity.

## Exhaustion of Remedies
(4)

7. No exhaustion needed D.O.C has no say or control to relieve plaintiff of legislative issue.

## History of the Facts
(5)

8. On or about June 25, 2012 The Supreme court of the United States in <u>Evan Miller V. Alabama</u> held that "Mandatory life without parole for those under the age of 18 at the <u>time of their crime</u>" violates the 8th amendment's prohibition on "cruel and unusual punishments" (see) Evan Miller V. Alabama 567 U.S. (2012)

(2)

9. Since Miller and Graham v. Florida came out, The State of Conn has raised their Juvenile age from 16 to 18 to 18 to 21 effective October 1, 2023 (see) CT bill 952.

10. In doing so, anyone under the age 21 to 18 that committed and was sentenced for their crime on or before October 1, 2005 would be eligible for parole if he or she has completed sixty (60) percent of their sentence.

11. By doing this, it created a subgroup of individuals.

12. The Plaintiff equal protection claim, protects individuals from invidious discrimination. It does not mandate identical treatment for each individual or group of individuals. Instead, it requires that similarly situated persons be treated the same. See. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-40 (1985).

13. The Plaintiff's has a liberty interest in the Supreme Courts ruling and when bill 952 was enacted in Connecticut, it created a state liberty intrest for the Plaintiff having a parole hearing in 4yrs instead of a parole hearing in 11 yrs.

(3)

14. The Plaintiff has "suffered an invasion of a legally protected interest" because if the Plaintiff equal protection was not in violation he would be going up for a parole hearing less than 4 years. Instead of the Plaintiff going to his discretionary parole hearing less than 11 years.

15. When Governor Lamont signed bill in which the Plaintiff is denied his equal protecting due to the new language added to the bill which goes against the Supreme courts ruling & the spirit of the science that been relied upon by the court & the legistatures and Governor Lamont is in violation of the plaintiff's 8th Amendment rights to cruel & unusual punishment by having him see parole in eleven (11) yrs as opposed to the 4 yrs in which said bill was designed for.

16. By making the Plaintiff watch his closest comparators go to their juvenile parole hearing's is in violation of his equal protecting and 8th Amendment rights to cruel & unusual punishment by making the Plaintiff see parole in 11 yrs.

17. In violating the plaintiff's liberty interest the due process clause of the 14th Amendment is also violated.

(4)

18. By depriving the plaintiff of his protected liberty interest, & state created liberty interest to a parole hearing after sixty (60) percent of his sentence as other's have enjoyed due to the supreme courts ruling & the enactment of connecticut version of said ruling has violated plaintiff's right to equal protection & have created a subgroup of individuals such as the Plaintiff himself.

19. The Plaintiff came to prison in 2011 and sentence to 28 years in prison. 60% of 28 is 16.8 years. And The Plaintiff already served over 12 years that which is greater. Plaintiff would be going to his parole hearing in 2027. The plaintiff is eligible for discretionary parole hearing on sept 29, 2034.

20.       A. Liberty interest
When connecticut enacted bill 952 it created a state liberty interest for the plaintiff having a parole hearing in 4 years instead of going to a parole hearing in 11 yrs.

21. Liberty rights created by connecticut statutes in addition to the "Per se liberty interests". The connecticut legislature can create other liberty interests that apply to prison. If a connecticut state law includes language requiring prison or state officials to do something for prisoners, then a liberty interest can be created.

(5)

22. For example, requiring a prison officials to release a prisoners at the end of their sentences by using the word "Shall": "[e]ach correctional records unit shall ensure that no inmate is held past... completing all sentences. This requirement gives prisoners a liberty right in being released once they have finished their sentences.

23. The Connecticut statute in question must require officials to take certain actions with regard to prisoners.

24. Words like "Shall," "must," and "require" are the type of "mandatory," language that can give rise to a liberty interest. Effective October 1, 2023. See. Public Act 23-169 (Senate Bill 952) amended the Connecticut statute concerning inmate parole eligibility, Section 53a-125a, by, inter alia, adding Section 54-125a (g).

B. Equal Protection

25. The plaintiff is similarly situated to any & all (John & Jane Does) Names will be provided with discovery. Whom were of the age 21 years and under whom were arrested and convicted on or before October 1, 2005 whom were not subjected to the language added in the New bill 952 that was enacted on October 1, 2023.

(6)

26. The plaintiff was denied his parole hearing on October 17, 2023 letting him know he is not eligible for parole under "SB 952". There is no rational reason to deny the plaintiff the same treatment accorded to those who had their hearing in accordance with the U.S. supreme courts ruling and the original bill before & after the new language was introduced.

27. All the plaintiff comparators are those whom were under the age of 21 years of age.

28. Plaintiff is being treated differently without a rational reason from other similarly situated inmates who are eligible for earlier parole hearings.

29. The plaintiff Shaquan L. Armour commite his crime on August 24, 2011 and was sentenced 12/2/14 and accepted an offer to plead guilty to manslaughter 1st Degree with a firearm.

30. This disparate & unjustified treatment denies the plaintiff equal protection of the law in violation of the equal protection clause of the 14th Amendment of the united states constitution as well as Article 1 sec 20. of the connecticut constitution.

(7)

31. As a direct & proximate result of plaintiff's constitutional violations the Plaintiff will be irreparably injured. He has no adequate remedy at law for plaintiff's actions & will suffer irreparable harm to his constitutional rights unless Plaintiff's are enjoined from continuing their unlawful policies, Practices and or customs which have directly and proximately caused these constitutional abuses.

32. Additionally, an actual controversy exists regarding the constitutionality of the Defendant practices and policy that govern plaintiff. A declaration on this issue will resolve that portion of the controversy between the parties, and the courts determination of the issues will guide plaintiff's actions.

33. When CT legislatures passed and enacted bill 952 sec 1. sec 54-125a & Governor Ned Lamont signed said bill giving any such person under eighteen (18) years of age prior to or after october 1, 2015, "may" be allowed to go at large on parole in the discretion of the panel of the board of pardons and parole, such person "shall" be eligible for parole after serving sixty (60) percent of the sentence or twelve years; whichever is greater. By changing the language in Bill 952 for individuals under the age of Twenty-one (21), want into effective october 1, 2023 and not making it retroactive for individuals under 21 yrs of age as the general Assembly did

(8)

for individuals under 18 yrs of age violates the plaintiff's equal protection rights under the united states constitution.

34. The Governor "shall" take care that the laws be faithfully executed. See. Article fourth Sec 12, 15.

35. No laws can be upon approval and proclamation by the governor as provided by law.

### C. Due Process 14th Amendment

36. Defendant, acting within the scope of his employment & under the color of state Law, deprived & continue to deprive the plaintiff of his right to due process. Defendants actions and omissions violate plaintiff right to due process, as guaranteed by the Due process clause of the 14th Amendment to the united states constitution.

37. The duration of the plaintiff confinement deprive the plaintiff of a constitutionally protected liberty interest in that they constitute an Atypical & significeant hardship as compared with the New ordinary incidents of prison life, specifically, a liberty interest is created by:

(a) the united states supreme court ruling in Miller v. Alabama

(9)

(b) the Connecticut Legislatures enactment of Bill 952.

(c) the complete from confinement from imprisonment from crimes committed as a juvenile.

38. The plaintiff was given notice/response to his enquiry that he's ineligible for a parole hearing as a direct and proximate result of defendant constitutional violations. Mr. Armour will be irreparably injured. He has no adequate remedy at law for defendant actions and will suffer irreparable harm to his constitutional rights unless the defendant enjoined from continuing their unlawful policies, practices and/or customs which have directly and proximately caused these constitutional abuses.

39. Additionally, an actual controversy exists regarding the constitutionality of the defendant practices and policy that govern plaintiff being denied a chance of a parole hearing. A declaration on this issue will resolve that portion of the controversy between the parties, and the courts determination of the issues will guide the defendant actions.

D. <u>Cruel and unusual Punishment</u>

40. To have two groups of offenders and one study on the brain. yet one group gets parole consideration (eligiblity) while the other group (same brain study) is ineligible for a earlier parole hearing. creating an equal protection claim.

41. You can sue under the 8th cruel & unusual punishment for harm that is not impending. see. Farmer v. Brennan, 511 U.S. At 845

42. The plaintiff see others whom are his comparators (similarley situated to the plaintiff) go home (Name's will be added with Discovery) while the plaintiff is not offered the same chance as his comparators.

43. The plaintiff suffer knowing that the only difference between him and his comparators is <u>a date</u> which is Arbitrary & capricious. Also served NO governmental or penological purpose or intrest.

44. The Plaintiff is starting to suffer from depression and lack of sleep.

45. The plaintiff would like to add a little more to his amended complaint.

(11)

46. The Plaintiff's claim is not barred by the Elventh Amendment.

47. When the Governor signed said bill (in which the plaintiff is denied his equal protection) The Governor did it in his official capacity. See. Va. office for prot. & Advocacy v. Stewart, 563 U.S. 247, 254-55 (2011) (citing Ex parte Young, 209 U.S. 123 (1908)).

48. The Plaintiff is not being treated the same as his closet comparators. See City of Cleburne v. Cleburne Living ctr., 473 U.S. 432, 439-40 (1985). See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). See Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) (Sotomayor, J.). See Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005) However the plaintiff may still assert an equal protection violation on the basis of a theory that he has been irrationally singled out as a "class of one." See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008).

A. Plaintiff is being treated differently without a rational reason from other similarly situated inmates who are eligible for earlier parole hearings.

B. "A government official decision can be considered irrational only when [the official] acts with no legitimate reason for [his or her] decision." See Harvey v. Mark, 352 F.Supp.2d 285, 290 (D.Conn. 2005) (quoting Harlen Associates v. The incorporated village of Mineola, 273 F.3d 494, 500 (2d Cir. 2001)).

49. The plaintiff closest comparators are those whom were under 21 of age and convicted and sentence before 10/1/2005, As well as after 10/1/2005.

50. By the Governor signing Bill 952 into Law. It created class of offenders distinguishable only by their date of offense and sentence and by doing so it violate the Equal protection Clause. See Article 4 sec 12, 15. constitution of the State of Connecticut

51. The STATE relied on the brain science to determine if they wanted to rais the age in bill 952 and making it into Law. The brain study is about the brain not being fully developed to the age of 25.

52. Therefore having a cut off date, defeats the whole study and by having a cut off date raises an equal protection claim. Making it unconstitutional as it stands.

(13)

53. The Governor is the proper party for purposes of Ex parte Young. When Bill 952 came to Governor LAMONT he had to read it and sign it into effect. The Governor may not have been apart of it's deliberation. But Governor Lamont signed it into law after the fact and that's what makes it enforceable by law. Which is why it's being challenged in a court of law. See Article fourth sec 12, 15. Connecticut Constitution.

## Relief Requested

54. WHEREFORE, Plaintiff requests that this court grant the following relief:

55. For Governor Lamont to rectify the change in language stating that from this date on october 1, 2005 forward is exempt from said bill passing.

56. For Governor Lamont to guarantee any and all whom fit the criteria of 21 years of age and under to receive a parole hearing after serving 60 percent of their sentence.

57. For Governor Lamont to guarantee that the bill 952 that was enacted on october 1, 2023 will not violate anyone's 14th Amendment due process right afforded by the CT constitution or the U.S. Constitution.

(14)

58. For Governor Lamont to guarantee that the bill 952 that was enacted on october 1, 2023 will not violate anyones 14th Amendment equal protection rights afforded by the CT Constitution or the U.S. Constitution.

59. For Governor Lamont to guarantee that the bill 952 that was enacted on october 1, 2023 will not violate anyone's 8th Amendment right to be free from cruel & unusual punishment.

60. For Governor Lamont to guarantee that the plaintiff Shaquan L. Armour will be given a parole hearing once he has completed 60% of his sentence like those whom were convicted and sentence before october 1, 2005.

61. Grant such other relief the court deems need to correct this wrong.

62. It is by now well established and unusual punishments under the auspices of the dual due process provisions contained in article first, §§ 8 and 9. Those due process protections take as their hallmark principles of fundamental fairness rooted in our state unique common law, statutory, and constitutional traditions.

Respectfully submitted

Shaquan L. Armour
SLA

(15) 58 Nunnawauk Road
Newtown, CT 06470

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true Except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true & correct.

Executed at Garner Correctional Institution
50 Nunnawauk Road
Newtown, Ct 06470
On the 17 of June of 2024

By. Shaquan L. Armour
#379048

(16)