UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAQUAN L. ARMOUR, | : | |
| Plaintiff, | : | CASE NO. 3:23-cv-1606 (MPS) |
| | : | |
| v. | : | |
| | : | |
| GOVERNOR LAMONT., | : | |
| Defendants. | : | September 18, 2024 |
| | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

The Defendant filed motions to dismiss Plaintiff's original and amended complaints. ECF Nos. 25, 32. Plaintiff responded to Defendant's first motion to dismiss by filing an amended complaint, ECF No. 31, and filed an objection to the Defendant's second motion to dismiss. ECF No. 33. For the reasons that follow, I DENY Defendant's original motion to dismiss (ECF No. 25) as moot and GRANT his second motion to dismiss (ECF No. 32).

**BACKGROUND**

Plaintiff, Shaquan Armour, a sentenced inmate in the custody of the Department of Correction, filed a *pro se* civil rights complaint against Governor Ned Lamont in his official capacity. ECF No. 1 at 2. Plaintiff alleged that his rights under the Fourteenth Amendment Due Process and Equal Protection Clauses and the Eighth Amendment were violated because, under a recently enacted amendment to Connecticut's parole statute, he is eligible for parole later than inmates who committed their offenses and were sentenced before October 1, 2005. *See* ECF No. 10 at 3–4.

Plaintiff was born in 1990. ECF No. 10 at 2. He committed his crime and was arrested on August 24, 2011, and he was sentenced to twenty-eight years in prison on December 2, 2014, after he accepted an offer to plead guilty to manslaughter in the first degree with a firearm. *Id.*; *see* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=379048 (last visited on September 18, 2024).

Effective October 1, 2023, Public Act 23-169 (Senate Bill 952) amended the Connecticut statute concerning inmate parole eligibility, section 53a-125a, by, inter alia, adding section 54-125a(g) to provide that individuals:

> convicted of one or more crimes committed while such person was under twenty-one years of age, who was sentenced on or before October 1, 2005, and who received a definite sentence or total effective sentence of more than ten years' incarceration for such crime or crimes committed on or before October 1, 2005, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. Nothing in this subsection shall limit a person's eligibility for parole release under the provisions of subsections (a) to (f), inclusive, of this section if such person would be eligible for parole release at an earlier date under any of such provisions.
>
> (2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under twenty-one years of age. Any portion of a sentence that is based on a crime or crimes committed while a person was twenty-one years of age or older, shall be subject to the applicable parole eligibility, suitability and release rules set forth in subsections (a) to (e), inclusive, of this section.

In October 2023, Plaintiff's request for a parole hearing was denied. ECF No. 10 at 2. A letter from a Parole Supervisor stated that an inmate must meet the following criteria to be eligible for parole: (1) "Offense date is between 18 and less than 21 years of age;" (2) "The eligible sentence is greater than ten (10) years in length (the offense occurring over the age of 18

2

and under the age of 21);" and (3) "the offense date **and** the sentence date occur on or before October 1, 2005." *Id.* at 2–3 (emphasis in original). The letter explained that Plaintiff's offense date and sentence date occurred after October 1, 2005, so he was not eligible for parole even though his sentence was greater than ten years in length and he was under the age of 21 when he committed the offense. *Id.* at 3. The letter advised Plaintiff that he was eligible for discretionary parole on September 29, 2034. *Id.*

I permitted Plaintiff to proceed on a Fourteenth Amendment equal protection claim for injunctive relief against Governor Lamont in his official capacity. *Id.* at 8. I dismissed Plaintiff's Fourteenth Amendment due process and Eighth Amendment claims with prejudice and dismissed his official capacity claims for monetary damages and a declaratory judgment without prejudice. *Id.* Plaintiff moved to reconsider the initial review order, ECF No. 13, but I denied that motion. ECF No. 19.

Defendant moved to dismiss Plaintiff's remaining claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 25 at 1. I ordered Plaintiff either to respond to the motion or to file an amended complaint pleading as many facts as possible to address the alleged defects discussed in Defendant's memorandum of law. ECF No. 28. Plaintiff chose to amend the complaint, and Defendant then moved to dismiss the amended complaint.  ECF Nos. 31 & 32.  Plaintiff filed an objection. ECF No. 33.

**DISCUSSION**

The Court has reviewed and considered Defendant's original motion to dismiss and supporting memorandum, ECF No. 25; Plaintiff's amended complaint, ECF No. 31; Defendant's

3

motion to dismiss Plaintiff's amended complaint, ECF No. 32; and Plaintiff's objection. ECF No. 33. Because the original motion to dismiss, ECF No. 25, addresses a now-superseded complaint, I DENY it as moot.

Plaintiff re-alleged in his amended complaint that his Fourteenth Amendment right to due process was violated, ECF No. 31 at 9, and that his Eighth Amendment right to be free from cruel and unusual punishment was violated. *Id.* at 10. But I already dismissed those claims with prejudice in the initial review order, ECF No. 10 at 8, and limited the scope of any amended complaint to "address[ing] the alleged defects discussed in *Defendant's memorandum of law*," ECF No. 28 (emphasis added), which addressed only Plaintiff's remaining Fourteenth Amendment equal protection claim. *See* ECF No. 25-1 at 6–21. So I will not address his due process and Eighth Amendment claims further.

Defendant moves to dismiss the Fourteenth Amendment equal protection claim on three grounds: 1) it is unripe; 2) Governor Lamont is not a proper party ; and 3) it fails to state a cognizable equal protection claim. ECF No. 25-1 at 6–7.

*Ripeness – Rule 12(b)(1)*

Defendant moves to dismiss Plaintiff's equal protection claim under Fed. R. Civ. P. 12(b)(1), which permits a party to move to dismiss a claim for lack of subject matter jurisdiction. When, as in this case, the Rule 12(b)(1) motion is "based solely on the allegations of the complaint …, the plaintiff has no evidentiary burden," and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that" the Court has jurisdiction. *Carter v. HealthPort Technologies*, 822 F.3d 47, 56 (2d Cir. 2016)(internal quotation marks and alterations omitted).  I "accept as true all material factual

allegations of the complaint." *Id.* at 57 (internal quotation marks and alterations omitted).[1] Because the plaintiff is *pro se*, I also construe his complaint "with special solicitude and interpret[ it] to raise the 'strongest [claims] that [it] suggest[s]. " *Gordon v. Palumbo*, 377 F. App'x 39, 40 (2d Cir. 2010) (citation omitted).

"To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted). Ripeness presents a "question of timing"; a claim is unripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (2d Cir. 1985) (internal quotation marks and citation omitted). "Often, the best way to think of constitutional ripeness is as a specific application of the actual injury aspect of standing," *Walsh*, 714 F.3d at 688, another doctrine limiting the jurisdiction of federal courts. To show standing, a plaintiff must establish three elements: "(1) the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest which is (a) concrete an particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and alterations omitted). A claim that is unripe is often so because "the

---

[1] As I have noted in previous rulings, the Second Circuit has not always been clear about whether inferences should be drawn in the pleader's favor on a Rule 12(b)(1) motion. *See, e.g., Parmlee v. Office of Attorney General*, 2022 WL 1462247 *2 n.2 (D. Conn. May 9, 2022)(citing Court of Appeals decisions instructing that a court should draw inferences favorable to the pleader and Court of Appeals decisions instructing that it should not do so). In this ruling, I take as true the allegations in the plaintiff's complaint and draw all reasonable inferences in his favor.

5

plaintiff's claimed injury, if any, is not actual or imminent but instead conjectural or hypothetical." *Id.* (internal quotation marks omitted).

Defendant argues that Plaintiff's equal protection claim is unripe because "[e]ven if Plaintiff were successful in this litigation and the restriction that limits the effects of [Section 54-125a(g)] to offenses occurring prior to 2005 were removed, Plaintiff would still not be eligible for parole until September 2031." ECF No. 25-1 at 10. The Defendant's argument assumes that Plaintiff did not begin serving time until the date of his sentence, i.e., December 2, 2014. Particularly in a case charged as murder (and ultimately pled down to manslaughter), however, this is a dubious assumption, as it is likely Plaintiff remained in custody from the moment of arrest with a high bond.  And the DOC website confirms this insight, as it shows that he was last admitted to the DOC on August 25, 2011, the day after his arrest and over three years before he was sentenced.  This means that, if the new statute applied to him (or if the Constitution mandated that he be treated as if it did), he would likely be eligible to be considered for parole in April 2028, i.e., 16 years and eight months, or beginning the day 60% of his 28-year sentence had expired following his arrest.   That is about three and half years from now.

Nonetheless, Plaintiff would obviously not be eligible for parole *now* if Conn. Gen. Stat. Sec. 54-125a(g) applied to him, and events three and half years away cannot be described as "imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. at 564 n.2 ("Although 'imminence' is … a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is 'certainly impending.'")  It is also true that other events —an earlier release or the commission of a new offense in prison—could intervene to affect his parole eligibility date in the next three and a half

years, making the prospect that he would become eligible for parole, if the statute applied to him, not "*certainly* impending." *Id.*

To be sure, it is possible the plaintiff could plead some present, or at least "certainly impending," effect stemming from the fact that the group he claims is similarly situated to him will become eligible for parole in three and a half years while he will not as a result of the alleged equal protection violation. For example, he might be able to allege that, if the Equal Protection Clause required that he be treated the same as his alleged comparators, he would become eligible for certain beneficial reentry programs offered by the DOC sooner than he will otherwise, programs that might begin a good deal sooner than three and a half years from now. But he has not made this allegation or any others suggesting that the impact of any constitutional violation from the date cutoff in the new statute is having any imminent impact on him. So I agree with the Defendant that his claim is unripe or, more precisely, that he has failed to allege facts suggesting that he has standing to bring his equal protection claim at this stage. Nonetheless, given the possibility that he may be able to make such allegations, I will address the Defendant's other jurisdictional argument, i.e., that the Eleventh Amendment precludes jurisdiction over Plaintiff's claims against the Governor.

*Governor Lamont – Rule 12(b)(1)*

Defendant next argues that "Plaintiff's claim should further be dismissed for lack of subject matter jurisdiction as it is barred by the Eleventh Amendment because Governor Lamont is not the proper party for purposes of *Ex parte Young*." ECF No. 25-1 at 6.

As I noted in the initial review order, Plaintiff's sole remaining claim seeks injunctive relief against Governor Ned Lamont in his official capacity. ECF No. 10 at 7.

7

The Eleventh Amendment does not preclude suits against state officials acting in their official capacity that seek prospective injunctive relief. *Ex parte Young,* 209 U.S. 123, 155–56 (1908). But the doctrine of *Ex parte Young* applies only where the official sued has "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young,* 209 U.S. at 157 (noting that the constitutionality of every act passed by a state legislature cannot be tested by a suit against the governor based solely on the theory that the governor is charged with the execution of state laws); *see also Connecticut Ass'n of Health Care Facilities, Inc. v. Rell,* 2010 WL 2232693, at *5 (D. Conn. June 3, 2010) (concluding that general authority to enforce the laws of the state is insufficient to make government officials the proper parties to litigation challenging the law: "[h]olding that a state official's obligation to execute the laws is a sufficient connection to the enforcement of a challenged statute would extend *Young* beyond what the Supreme Court has intended and held" (internal quotation marks omitted))*; Neroni v. Zayas*, No. 3:13-CV-0127, 2014 WL 1311560, at *8 (N.D.N.Y. Mar. 31, 2014) ("Plaintiff does not identify any statutory provision giving the Governor the power to enforce the [allegedly unconstitutional law], and the Governor's general constitutional duty to 'take care that the laws are faithfully executed' does not create a sufficiently close connection to enforcement.")..

The Governor of Connecticut has no particular statutory duties related to enforcement of the State's parole laws, and Plaintiff does not otherwise point to any connection between Governor Lamont and the enforcement of the parole statute he is challenging. So, the doctrine of *Ex parte Young* does not apply. This means that Plaintiff's suit is, because it names a state

8

official with no connection to enforcing the allegedly unconstitutional law, really against the State and, thus, barred by the Eleventh Amendment.

*** 

Because I do not have jurisdiction over this case for the reasons set forth above, I dismiss it under Rule 12(b)(1). I nonetheless go on to address the Defendant's arguments on the merits of the claim under Rule 12(b)(6), because the plaintiff may be able to plead around the jurisdictional obstacles identified above by alleging present or imminent effects of the challenged parole statute and by naming as defendants officials charged with enforcement of the parole statutes.

*Failure to State a Claim – Rule 12(b)(6)*

The Defendant moves to dismiss Plaintiff's equal protection claim under Fed. R. Civ. P. 12(b)(6) because "Plaintiff's allegations fail to state an equal protection claim." ECF No. 25-1 at 14. Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim or complaint if a plaintiff "fail[s] to state a claim on which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is facially plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In the initial review order, I allowed Plaintiff's equal protection claim to proceed on a "class of one" theory. ECF No. 10 at 7. To prevail on such a theory, Plaintiff must show that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562,

9

564 (2000). In the Second Circuit, persons asserting a class of one equal protection claim "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (citation omitted). This high degree of similarity is required "to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Id.* (citation and internal quotation marks omitted). Thus, a plaintiff must demonstrate the existence of a "comparator"—someone who is "prima facie identical"—who was treated differently. *Silvera v. Connecticut Dep't of Corr.*, 726 F. Supp. 2d 183, 198 (D. Conn. 2010).

Plaintiff, who was sentenced after October 1, 2005, maintains he is being treated differently from inmates who were sentenced before October 1, 2005. ECF No. 31 at 7. But inmates sentenced before October 1, 2005 are not proper comparators because they may become eligible for parole sooner than inmates sentenced after that date. *See*, *e.g.*, *Wright v. Malloy*, No. 3:16-CV-1179 (SRU), 2016 WL 7115933, at *6 (D. Conn. Dec. 6, 2016) (finding inmates who committed murder before 1981 and were eligible for parole were not proper comparators to inmates who committed murder after 1981 and were not eligible for parole).

Proper comparators are, like Plaintiff, inmates who were sentenced after October 1, 2005. Plaintiff does not maintain that he has been treated differently than this class of prisoner. Therefore, he cannot establish the first element of a "class of one" equal protection claim. *See*, *e.g.*, *Bazemore v. Otero*, No. 3:19-CV-00496 (JAM), 2020 WL 1027778, at *5 (D. Conn. Mar. 2, 2020) (rejecting "class of one" equal protection claim because plaintiff failed to show that he was "singled out" among similarly situated inmates).

Further, Plaintiff cannot establish that "there is no rational basis for the difference in treatment," *Olech*, 528 U.S. at 564, between those sentenced before October 1, 2005 and those sentenced after that date. Courts often "modify their statutory schemes to the benefit of the accused or the convicted by, among other things, reducing applicable penalties, increasing the rate of accrual of good-time credits, or exempting a class of offenders from some previously applicable consequence of conviction." *Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 504 (6th Cir. 2007). In such cases, "the legislature confers such benefits prospectively, thereby creating two classes of offenders distinguishable by only the date of offense, conviction, plea, or sentencing." *Id.* Circuit courts have routinely held that there is a rational basis for doing so. *Id.* at 504-05 (collecting cases). I conclude that there is a rational basis for "creating two classes of offenders distinguishable by only the date of offense" in P.A. 23-169. Thus, Plaintiff has failed to allege an equal protection violation. If I had jurisdiction, therefore, I would dismiss his claim under Fed. R. Civ. P. 12(b)(6).

### CONCLUSION

Defendant's motion to dismiss, ECF No. 32 is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and close this case.

**SO ORDERED** this 18th day of September 2024 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge